STATE OF NORTH CAROLINA v. JAMES RANDELL GRISSOM

No. 732SC205

(Filed 23 May 1973)

**Rape § 16— instructions — no expression of opinion**
        In its instructions to the jury in a rape case, the trial judge did not express an opinion or intimate that the defendant was guilty of some offense, or that he wanted to be found guilty of some lesser included offense.

APPEAL by defendant from *Tillery, Judge,* 6 November 1972 Session of Superior Court held in WASHINGTON County.

Defendant, James Randell Grissom, was charged in two bills of indictment, proper in form, with rape.

Upon defendant's pleas of not guilty, the State offered evidence tending to show that on 2 July 1972, the defendant forcibly and against her will had sexual intercourse with his 14 year old daughter and on 27 July 1972, the defendant forcibly and against her will had sexual intercourse with his 17 year old daughter.

Defendant denied ever having made any "improper advances" or an "overt attempt to molest" his children.

In each case, defendant was found guilty of assault with intent to commit rape and from judgments imposing consecutive action prison sentences of from 12 to 15 years, he appealed.

*Attorney General Robert Morgan and Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Franklin B. Johnston for defendant appellant.*

HEDRICK, Judge.

Of the fifty-three exceptions and assignments of error noted in the record, only one is brought forward and argued on this appeal. The rest are deemed abandoned. Rule 28 of the Rules of Practice in the Court of Appeals.

Defendant argues in his brief that in stating defendant's contentions to the jury, the trial judge expressed an opinion that defendant was guilty of some offense and intimated that defendant wanted to be convicted of assault with intent to commit rape or assault on a female rather than rape. We do not agree.

While the instructions challenged by this exception might have been better stated, it is clear, when the charge is considered contextually, that the trial judge did not express an opinion or intimate that the defendant was guilty of some offense, or that he wanted to be found guilty of some lesser included offense.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and VAUGHN concur.